United States v. Brown

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of February, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
                      *Circuit Judges*.
             KATHERINE POLK FAILLA,[1]
                      *District Judge*.

_____

UNITED STATES OF AMERICA,

                       *Appellee*,

                 v.                                          15-176-cr

JAROD BROWN,

                       *Defendant-Appellant*.

_____

Appearing for Appellant:     Arza Feldman, Feldman and Feldman, Uniondale, NY.

Appearing for Appellee:      Jonathan N. Francis and Sandra S. Glover, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for District of Connecticut (Eginton, *J.*).

---

[1] The Honorable Katherine Polk Failla, United States District Court for the Southern District of New York, sitting by designation.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jarod Brown appeals from the January 15, 2015 judgment of the United States District Court for the District of Connecticut (Eginton, *J.*), convicting Brown of unlawful possession of a firearm by a convicted felon. On appeal, Brown argues that the evidence was insufficient to support his conviction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[A] defendant challenging the sufficiency of the evidence that led to his conviction at trial bears a heavy burden, as the standard of review is exceedingly deferential[.]" *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (citations and internal quotation marks omitted). "In evaluating a sufficiency challenge, we must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *Id.* (internal quotation marks omitted). "Although sufficiency review is *de novo*, we will uphold the judgment[] of conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]" *Id.* (citations and internal quotation marks omitted).

The evidence viewed in the light most favorable to the government established that, upon stopping Brown's vehicle, police officers observed Brown "looking back at the police cruiser and moving around the interior of the Honda frantically, as i[f] he was attempting to conceal something." Presentence Report ¶ 7. Brown refused to cooperate with police during the stop and then sped away from the scene. Brown then crashed his car into a fence and continued to flee on foot. As officers chased Brown, they observed him "clutching his right side." Presentence Report ¶ 9. One officer then saw Brown make a throwing motion, and the police later found a gun near where the officer saw Brown make the throwing motion. Moreover, even though Brown claimed he fled because his vehicle contained marijuana, no contraband was found on his person or in his vehicle. Based on this evidence, a rational juror could have concluded beyond a reasonable doubt that Brown possessed a firearm.

We have considered the remainder of Brown's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2